UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOMINIC F. TUSA                                                    CIVIL ACTION

VERSUS                                                             NO: 24-2278

JOHN DEAN HART AND TUSA                                            SECTION: "J"(3)
CONSULTING SERVICES II, LLC

### ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 10)** filed by Plaintiff Dominic F. Tusa. Defendants John Dean Hart and Tusa Consulting Services II, LLC respond without opposition to remand. (Rec. Doc. 12). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### DISCUSSION

This litigation arises from communications on behalf of Defendants to Plaintiff's employer, from which Plaintiff alleges tortious interference. In October of 2020, Plaintiff sold his membership interest in Tusa Consulting Services II, LLC to John Dean Hart. Tusa Consulting's sole member is Hart. Three years later, in November of 2023, Plaintiff informed Defendants of his decision to resume consulting work, "for one or more companies who are competitors" of Tusa Consulting. (Rec. Doc. 1-1 at 12). Three months later, Defendants through counsel contacted one of those companies, Federal Engineering, Inc., informing it of litigation filed by Tusa Consulting against Plaintiff for breach of a non-disclosure agreement. The

1

correspondence's stated intent was "to protect its confidential information[] and to avoid involving any other parties in this legal proceeding[,]" not "to impact the employment of other relationship which Federal Engineering has with Mr. Tusa." *Id.* at 9. Despite Defendants' insistence otherwise, Plaintiff alleges interference with his business relationship "is nevertheless exactly what the Defendants intended to do." *Id.* at 4 ¶ 7. Plaintiff filed his tortious interference claim in Louisiana state court, seeking damages for past, present, and future loss of earnings and earning capacity.

Defendants removed the case to federal court pursuant to diversity jurisdiction of 28 U.S.C. § 1332. For the amount in controversy, Defendants concluded the jurisdictional amount was met, asserting that Tusa Consulting paid Plaintiff more than $75,000/year from November of 2020 to March of 2022. (Rec. Doc 1 at 5 ¶ 17).

However, to his Motion to Remand, Plaintiff has attached an Irrevocable Stipulation, waiving any entitlement to an award exceeding the jurisdictional amount. (Rec. Doc. 10-2).[1] "In light of, and in reliance on, the Irrevocable Stipulation," Defendants respond without opposition to remand. (Rec. Doc. 16). Remand, moreover, is appropriate where post-removal stipulations clarify an ambiguously pled amount in controversy. *See Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). Thus, remand is proper.

Also pending before the Court is Defendant John Dean Hart's *Rule 12(b)(2)*

---

[1] "In order to resolve any doubt or ambiguity as to the meaning and intent of the language set forth in the Petition for Damages, we declare it is our intent to waive, relinquish, and/or renounce our entitlement to any damages, including penalties and attorney's fees, but exclusive of interest and costs, in excess of $75,000, and further to renounce our right to enforce any judgment in this matter in an amount in excess of $75,000, including penalties and attorney's fees, but exclusive of interest and costs." (Rec. Doc. 10-2 at 2–3).

*Motion to Dismiss for Lack of Personal Jurisdiction* (Rec. Doc. 12). Plaintiff opposes, (Rec. Doc. 17), and Hart replies thereto, (Rec. Doc. 18). Lacking jurisdiction over this matter, the Court makes no assessment of Hart's Motion to Dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 10)** is **GRANTED**, and this case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, this 13th day of November, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE